# Ansel Humphreys, plaintiff in error, *vs.* George W. Humphreys & Co., defendants in error.

## *Error to Muscatine.*

If a defendant, on the back of a declaration filed against him, wavies service of pro-
cess, and agrees to enter an appearance at the first term of the District Court, he
is estopped from a motion to dismiss the case for the want of a summons formally
issued.   And if the cause should be stricken from the docket, on the defendant's
motion, for the want of the writ, and reinstated, when the court is afterwards ad-
vised of the waiver of service, it is not error.

Where a defendant draws an order in favor of the plaintiff, under an agreement that
the plaintiff shall not proceed in the collection of the money due to the plaintiff, until
the money is actually paid upon the order; if the money is not paid, the plaintiff
can have judgment, without delivering up, or cancelling the order.

If the form of the oath prescribed by the statute, to be administered to a petit jury, is
substantally complied with, it is all that is requisite,

The errors assigned, and all the facts necessary to the understanding of this case, appear in the opinion of the Supreme Court.

Lowe & Mattoon, for plaintiff in error.

Butler & Whicher, for defendants in error.

By the Court, Williams, Justice.—George W. Humphreys, John Humphreys and Samuel Lucas trading under the name and style of George W. Humphreys, & Co., instituted their action in the District Court of Muscatine county against Ansel Humphreys, to recover from him the amount due upon a promissory note, dated at Bloomington in said county, on the second day of March, A. D. 1842, by which defendant promised to pay one day after date, to the plaintiff, or order, the sum of one hundred and eight dollars and fifty cents, with interest, at the rate of ten per cent till paid. It appears by the record that defendant by agreement in writing filed, waived "the service of a summons and agreed to enter his appearance at the first term of the District Court of Muscatine county." Upon the calling of the cause in the court below, the defendant by his counsel appeared in the court and moved the court to dismiss the suit and assigned for reason that "no writ of summons had been issued by the clerk in the case. Upon this motion the court ordered the cause to be dismissed, but upon examination of the matter involved in the motion reinstated the action. In doing this it is alleged by defendants counsel that the court erred. The record shows that the attorney of the plaintiff made out and filed in the office of the clerk of the court, a precipe for the issuing of a summons, on the 18th day of May 1843 in due form. After which on the same day the defendant made the following endorsement on the back of plaintiffs declaration duly filed in the case," viz :

"Muscatine County,  ⎱ ss.
     "May, 18th 1843.   ⎰

"I hereby waive service of process on the within, and agree to enter an appearance the first term of the District Court for the county of Muscatine.

"Signed ANSEL HUMPHREYS,
      "by Mattoon, his Attorney."

By this endorsement the defendant, Humphreys, not only waived service, but agreed to make his appearance to answer at the next term of the court for Muscatine county. Thus by his own act obviating the

necessity of issuing a summons in accordance with the precipe filed, thereby amicably placing himself in the position of a defendant in the action who had been fully and legally notified by summons. It would be unjust to suffer the plaintiff to be prejudiced by the motion to dismiss under the cricumstances exhibited by the record. It was proper that the court below, should upon full view of the circumstances reintsate the cause.

The second error assigned, is " that the defendants in error in their amended replication conclude to the country, instead of the court."— It is true that where a plaintiff by his replication to the defendants plea, does not traverse or deny the facts set forth or suggest matter in the plea in avoidance, he should conclude to the court, but the pleading in this case do not not justify this assignment of error. The replication of the plaintiff below traverses the facts presented in defendants plea.— This matter does not appear to have been suggested in the court below. We discover no error in this point.

The third and forth assignments of error relate to the same subject matter contained in the bill of exceptions taken by defendants counsel. We shall therefore consider them together. The proceedings and evidence exhibit the following state of facts. The plaintiff filed his declaration in the usual form on a promissory note as stated above. The defendant filed his plea of the general issue and also a special plea, in substance as follows, viz: That some time in the month of June 1842, subsequent to the making of the promissory note declared upon, the defendant at the instance and request of the plaintiffs, drew and delivered to him an order on R. P. Lowe, Esq., for the amount due on said note, to be paid to said plaintiff out of a claim then in the hands of said Lowe, as attorney for the defendant against D. J. Snyder, as soon as the same should be collected, which order was on its terms accepted by said Lowe. And further it was expressly stipulated between the parties, in said order on the said Lowe, " That the giving of said order, shall not be a satisfaction of said note, nor in any manner hinder or delay the collection of said note in any way the holler might have done before the delivery hereof until the money on this order is actually received by G. W. Humphreys & Co., and when so received shall be in full as above stated." This order with the stipulation was dated at Blooming-ton the 9th of June 1842, and signed by Ansel Aumphreys the defendant. It was admitted on the trial below that this order was in the hands of the plaintiffs, and was not delivered up to be cancelled. The defendant claimed that it should be delivered to be cancelled or given up

46

to the defendant before plaintiffs could recover on the note; but the court instructed the jury "that the plaintiffs had a right to recover on the note without delivering up the order. To which instruction exception was taken. The decision of the court below was made in accordance with the terms of the agreement made between the plaintiffs and the defendant, as expressed in the order itself, which was in evidence to the jury. The express stipulation of the defendant was that "the order should not be in satisfaction of the note, *nor in any manner hinder or delay the collection of the same in any way the holder might have done before the delivery hereof until the money on this order is actually received by G· W. Humphreys & Co., on their order.*" The principle of the law relied upon by the defendant cannot avail in violation of his express agreement. The benefit of this position claimed, was given up at the time of giving the order, and this formed one of the conditions upon which the plaintiffs took it. He cannot be allowed the right of making void his own legal order taken to the prejudice of the plaintiffs right reserved by the agreement. He agreed that plaintiffs shall have the full right to proceed in the collection of the note without delay or hinderance until the money was *received by them on the order, in the same manner as he might before it was given.* We think the instruction of the court below, on this point, was correct.

The fifth and last error assigned is in the form of the oath, which by the record it appears, was administered to the jurors who tried the cause. The record of the cause, has the verdict as follows: "Who being duly empannelled and sworn *the truth to speak upon the issue joined* between the parties upon their oaths do say, we the jurors find for the plaintiffs, &c." The statute in directing the form of the oath of jurors in civil cases, puts the form thus "well and truly to try the cause submitted to you by the plaintiff ————— and defendant —————." It would be error to depart substantially from the directions of the statute. Is the form here adopted in substance a departure from the terms of the statute? We think not. In trying, making and delivering their verdict, the jury were sworn " to speak the truth." The obligation the jury entered into, by their oath, comprehended *substantially* all that is involved in the particular oath prescribed by the statute. We therefore find no error in this. Judgment affirmed and precedendo to the court below awarded.